UNITED STATES *v.* SEVEN HUNDRED AND FORTY TINS OF OPIUM.

*(District Court, D. Washington, N. D.  January 19, 1891.)*

CUSTOMS DUTIES—FRAUDULENT IMPORTATIONS—EVIDENCE—FORFEITURE.
    In a suit to condemn merchandise as forfeited under section 3082, Rev. St., for having been fraudulently imported, where the proofs on the trial show probable cause for the seizure, and the claimant makes no offer to explain damaging circumstances, and show when, where, how, or from whom he acquired the ownership he claims, such withholding of evidence is a circumstance sufficient to complete the case for the government, under section 909, Rev. St.

*(Syllabus by the Court.)*

At Law.

*P. H. Winston,* U. S. Atty., and *P. C. Sullivan,* Asst. U. S. Atty.
*A. R. Coleman,* for claimant.

HANFORD, J.  This is a case of seizure under section 3082, Rev. St., the merchandise alleged to be contraband being the 370 pounds of prepared opium referred to in my opinion in the preceding case, (*United States* v. *The Walla Walla, ante,* 796,) the circumstances connected with the discovery and seizure of which are stated in that opinion.  After this suit was commenced, and notice of the seizure published, the claimant appeared, filed his claim as owner of the property, and answered the information, denying that the merchandise was of foreign growth and manufacture, and that it was unlawfully imported into the United

States.   Upon these issues a trial has been had, the testimony in this case being the same as that taken in the case referred to against the steam-ship Walla Walla, no additional proofs being offered on either side.   The claimant has not, to the knowledge of the court, appeared in person before the court at any time.   He has not testified as to any facts within his knowledge as to when or how he acquired the ownership of the opium.   For aught that appears, he may have bought the right of a smuggler to this property, since its discovery and seizure by the United States officers.   It may be fairly assumed, however, that if he is the *bona fide* owner, and if the merchandise is not in fact contraband, that he could easily have shown, by competent proof, where and by whom it was manufactured, when it was imported into the United States, if it ever was imported, and when, from whom, and in what manner he acquired ownership of it; and he should at least offer some explanation of the peculiar circumstances as to the opium being packed in casks, and shipped under the false designation of "sauerkraut" and "skid grease."   Having failed to do this, or to make any attempt to do so, I think he has failed to establish, by a preponderance of the testimony, his right to recover the property, which he is bound to do to make good his claim under the provisions of section 909, Rev. St., which casts the burden of proof upon him; there being an abundance of testimony to show probable cause for the seizure.   A decree will therefore be awarded, condemning the opium as forfeited to the United States, according to the prayer of the information.